involve the application of this strict rule; but that rests on a different principle, and is not applicable to the present case.

Upon the trial of this case, the justice not only refused to submit to the jury the question whether there was any evidence of a contract between the parties, but expressly held that the contents of the receipt were a binding contract between the parties, and limited the defendant's liability to $50 and interest, and directed a verdict for the plaintiff for that amount.

In this the learned justice erred, and a new trial must be ordered.

Verdict set aside and a new trial ordered; costs to abide the event.

[NEW YORK GENERAL TERM, January 6, 1868. *Geo. G. Barnard, Sutherland* and *Ingraham*, Justices.]

---

## DOUGLASS *vs.* WOODWORTH and others.

A subsequent party in interest, whether by way of mortgage, lease or judgment, cannot on a motion obtain a right to redeem and have the property conveyed to him by a purchaser. The only remedy in such a case is by action seeking to enforce such right to redeem; and in such an action the rights of all other parties can be protected.

Where such a motion is made in a foreclosure suit, after the property has been sold and the deed delivered, by lessees for a term of years, alleging that they were misled by erroneous information, all that can be done is to open the judgment, set aside the sale and the conveyance, allow the lessees to put in an answer, and order a resale of the property.

This can only be done on terms of indemnifying the purchaser, repaying to him the money paid by him on the purchase, and all expenses incidental thereto.

The purchaser, in such a case, should have the election of permitting the resale, or of ratifying the lease to the applicants; and if he elects to do the latter, the sale should not be disturbed.

*It seems*, the proper remedy of the lessees is to claim the value of their lease out of the surplus, rather than by motion to redeem.

MOTION by lessees to redeem, in a foreclosure suit.

*By the Court,* INGRAHAM, J. It seems to me very clear that a subsequent party in interest, whether by way of mortgage, lease or judgment, cannot, on a motion, obtain a right to redeem and have the property conveyed to him by a purchaser. The only remedy in such a case is by action seeking to enforce such right to redeem; and in such an action the rights of all other parties can be protected.

This action is to foreclose a mortgage; the parties making the motion are lessees for a term of years; their ground of complaint is that they have been misled by some information received from the counsel, and after waiting till the property was sold and the deed delivered, they make this motion.

All that could be done on such a motion is to open the judgment, set aside the sale and the conveyance, allow the defendants Crump and Lynch to put in an answer and order a resale of the property. This can only be done on terms of indemnifying the purchaser, by repaying to him the money paid by him on the purchase and all expenses incidental thereto.

So far as Brush is interested, he appears to be a *bona fide* purchaser, and his interest ought not to be divested and the estate restored to Jacobs as is proposed by this order. Jacobs has made no application, and the sole object of this motion is to protect Crump and Lynch in the enjoyment of their lease. Brush should therefore have the election of permitting the resale or of ratifying the lease to Crump; and if he elects to do the latter, the sale should not be disturbed. It is a matter of no moment to Crump and Lynch, whether the sale was for an inadequate price or not, if their lease is confirmed; and even if it is not, I rather think their remedy is by claiming the value of their lease out of the surplus, rather than the course

Douglass *v.* Woodworth.

which was adopted below. There is no possible ground for directing the purchaser to give the benefit of his purchase to Crump and Lynch, merely because they held a lease of the premises.

If such a rule can be established on a lease for six years, it may be done on a lease for one year, and the value of a sale of property under a foreclosure will be sensibly diminished.

The order appealed from should be reversed, and an order made setting aside the judgment and sale and deed given thereon, and directing a resale of the premises by the referee, with leave to the defendants Crump and Lynch, to file and serve an answer setting up their claim as lessees; such answer to be filed *nunc pro tunc* as of the time when the same was due. That said Crump and Lynch must pay to the purchaser all expenses paid by him in examining title and recording deeds, &c.; to compensate him for his trouble; that on the resale the moneys shall be retained by the referee, and out of the purchase money he shall pay to Brush the whole amount of the purchase money paid by him on the purchase, with interest, less the amount of any rents he may have received (if any) since the sale.

Crump and Lynch should also be required to give the purchaser, Brush, a bond with sureties to secure to him the payment of the money on the resale. Upon these terms the defendants Crump and Lynch may be relieved.

If the purchaser, however, elect within ten days after notice of this order, to satisfy and confirm the lease of Crump and Lynch for the remainder of the term, and serve a notice on them within that time, and shall execute and deliver a ratification of such lease within thirty days, then the motion should be denied.

The costs of this appeal should in any event be paid by Crump and Lynch.

[NEW YORK GENERAL TERM, January 6, 1868. *Geo. G. Barnard, Sutherland* and *Ingraham*, Justices.]